CHRISTOPHER E. PRINCE (State Bar No. 183553)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa, Suite 1500
Los Angeles, California  90017-5704
Telephone:      (213) 623-9300
Facsimile:      (213) 623-9924
cprince@sonnenschein.com

MANUEL ALVAREZ JR. (State Bar No. 253874)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94133
Telephone:      (415) 882-5000
Facsimile:      (415) 882-0300
malvarez@sonnenschein.com

Attorneys for Defendant
HSBC CONSUMER LENDING USA

TOMIO B. NARITA (State Bar No. 156576)
JEFFREY A. TOPOR (State Bar No. 195545)
ROBIN M. BOWEN (State Bar No. 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone:      (415) 283-1000
Facsimile:      (415) 352-2625
jtopor@snllp.com

Attorneys for Defendant
ASSET ACCEPTANCE, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CONTRERAS, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>HSBC CONSUMER LENDING USA, dba BENEFICIAL; ASSET ACCEPTANCE LLC; DOES 1 THROUGH 10,<br><br>          Defendants. | No. 08-2849 EMC<br><br>**NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Date:          July 30, 2008<br>Time:         10:30 a.m.<br>Crtrm:        C, 15th Floor<br><br>The Honorable Edward M. Chen |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on July 30, 2008, commencing at 10:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom C of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, 94102, the Honorable Edward M. Chen presiding, Defendants HSBC Consumer Lending USA, dba Beneficial ("HSBC"), and Asset Acceptance LLC ("Asset Acceptance"), will and hereby do move this Court for an Order dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that Plaintiff Elizabeth Contreras ("Plaintiff") lacks standing to sue on the claims she pursues in this litigation because the claims are property of her bankruptcy estate.  According to Plaintiff's Complaint, Plaintiff's causes of action accrued on or about December 5, 2007, prior to her June 1, 2008 petition under Chapter 7 of the United States Bankruptcy Code.  As a matter of law Plaintiff's claim is property of her bankruptcy estate, to be administered solely by the Trustee of that estate.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the complete court file in this case, and on such other and further evidence and argument that may be presented at the time of hearing.

Dated:  June 13, 2008

SONNENSCHEIN NATH & ROSENTHAL
CHRISTOPHER E. PRINCE
MANUEL ALVAREZ JR.


By: __/s/ Manuel Alvarez Jr._____
     Manuel Alvarez Jr.
     Attorneys for Defendant
     HSBC CONSUMER LENDING USA

Dated:  June 13, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
ROBIN M. BOWEN


By:  /s/ Jeffrey A. Topor
     Jeffrey A. Topor
     Attorneys for Defendant
     ASSET ACCEPTANCE, LLC

NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS & AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This dispute arises out of Plaintiff Elizabeth Contreras' ("Plaintiff") unpaid, unsecured credit card debt to Defendant HSBC Consumer Lending USA, dba Beneficial, which was later transferred to Defendant Asset Acceptance.  Plaintiff alleges that HSBC and Asset Acceptance violated State and Federal debt collection laws in late 2007.  After her claims allegedly accrued and this lawsuit was filed, Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

**Because Plaintiff's claims accrued before she filed her bankruptcy petition, as a matter of law, her claims became property of her bankruptcy estate, to be administered by the Trustee of that estate.**  Plaintiff therefore lacks standing to pursue the claims asserted in this litigation as a matter of law, and this lawsuit should be dismissed without prejudice.  A dismissal without prejudice will allow the Trustee of Plaintiff's bankruptcy estate an opportunity to evaluate the claim and to pursue it as she deems appropriate.

### II.    STATEMENT OF FACTS

On April 24, 2008, Plaintiff filed the Complaint in the instant action ("Complaint") against Defendants HSBC and Asset Acceptance, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et* seq., and its California counterpart, the Rosenthal Act, Cal. Civ. Code § 1788, *et seq.  See* Complaint ¶¶ 1, 25.  On June 1, 2008, Plaintiff filed for Chapter 7 bankruptcy, in which she included the claims at issue here as property of her bankruptcy estate.[1]  (*See* Exhibit A to Request for Judicial Notice in Support of Defendants' Motion to Dismiss, ("Ex. A") Voluntary Petition for Chapter 7 Bankruptcy.)

---

[1] On June 12, 2008, Plaintiff filed a Notice of Stay of Proceedings.  This Notice, however, does not stay *this* action because only actions against the debtor are stayed.  *See* 11 U.S.C. § 362; *Snavely v. Miller (In re Miller)*, 397 F.3d 726, 729 (9th Cir. 2005) ("The automatic stay is applicable only to proceedings against the debtor.").  Thus, the Court may properly consider this Motion to Dismiss.

1    Specifically, on Schedule B of the Chapter 7 petition, Plaintiff lists an unknown

2    value for claims Plaintiff may have under California and Federal law against creditors whom

3    she has listed on Schedule F.  (Ex. A, p. 23 of 45.)  Schedule F, in turn, lists Beneficial as a

4    creditor with a claim against Plaintiff in the amount of $1,570.00.  (Ex. A, 28 of 45.)

5    Finally, the Statement of Financial Affairs section of the petition lists this lawsuit against

6    HSBC and Asset Acceptance, (which was pending  in the San Francisco Superior as case

7    number CGC 08-474587 before it was removed to this court).  (Ex. A, p. 38 of 45.)

### III.    LEGAL STANDARD

9        This Court has authority to dismiss the Complaint under Federal Rule of Civil

10   Procedure 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal

11   sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue is

12   not whether a plaintiff is likely to succeed on the merits but rather whether he is entitled to

13   proceed beyond the threshold in attempting to establish his claim.  *See De La Cruz v.*

14   *Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

15       A district court ruling on a motion to dismiss may consider a document the

16   authenticity of which is not contested, such as a bankruptcy court filing.  *See Parrino v.*

17   *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Wenger v. Johnson Controls Battery*

18   *Group, Inc.*, 2006 U.S. Dist. LEXIS 6816, at *4 (D. Or. Feb. 1, 2006).

### IV.    ARGUMENT

20   **A.    Plaintiff's Lawsuit Should Be Dismissed Because She Lacks Standing To**
     **Sue On Claims That Belong To Her Bankruptcy Estate**
21

22       All claims and causes of action owned by a debtor at the time of the filing of the

23   debtor's bankruptcy petition become property of the debtor's bankruptcy estate.  *See* 11

24   U.S.C. § 541(a) ("The commencement of a case . . . creates an estate.  Such estate is

25   comprised of . . . all legal or equitable interests of the debtor in property as of the

26   commencement of the case."); *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004)

27   ("Causes of action are among such legal or equitable interests."); *Sierra Switchboard Co. v.*

28

NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS & AUTHORITIES

1   *Westinghouse Elec. Corp.*, 789 F.2d 705, 707-09 (9th Cir. 1986); *see also Howe v.*

2   *Richardson*, 193 F.3d 60, 61 (1st Cir. 1999) ("Like all of Howe's property as of the date he

3   filed for bankruptcy, his legal claims [for personal injury, breach of contract, and to recover

4   on dishonored check] became part of the bankruptcy 'estate' under the Bankruptcy Code . . .

5   ."); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) ("[T]he trustee held the claim

6   against Harrell for Mr. Boyd's personal injuries and only the trustee had the authority to

7   settle and release it.").  Once a bankruptcy trustee is appointed, "the debtor's assets and

8   claims pass to the trustee, making the trustee 'the proper party in interest.'"  *Moneymaker v.*

9   *CoBen (In re Eisen)*, 31 F.3d 1447, n.2 (9th Cir. 1994).  Thus, the bankruptcy trustee is the

10  sole party with standing to pursue a cause of action belonging to the bankruptcy estate.

11  *Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982).

12          Here, Plaintiff admits that her alleged claims against Defendants HSBC and Asset

13  Acceptance accrued on December 5, 2007.  *See* Compl. ¶ 21.  Plaintiff was clearly aware of

14  these claims at least as of April 24, 2007, when she filed her Complaint in San Francisco

15  Superior Court.  These claims became property of the bankruptcy Trustee when Plaintiff

16  filed her Chapter 7 petition on June 1, 2008, listing the claims against HSBC and Asset

17  Acceptance in the Statement of Financial Affairs.

18          Thus,  the only person with standing to prosecute the alleged claims is the

19  bankruptcy Trustee.  Simply put, because Plaintiff is not the real party in interest in this

20  litigation, she cannot state a claim upon which relief may be granted and this Court must

21  grant Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

22

23  _____

24  [2] Similar results have been reached by other Federal and California state courts.  *See Haley v.*
    *Dow Lewis Motors, Inc.*, 72 Cal. App. 4th 497 (1999); *see also Griffin v. Allstate Ins. Co.*, 920

25  F. Supp. 127, 130 (1996) ("[T]he cause of action accrued before [the plaintiff] filed his
    petition and is part of his bankruptcy estate.  Because the bankruptcy trustee has not

26  abandoned the claim to him, he is not the real party in interest and does not have standing to
    sue."); *Bostanian v. Liberty Savings Bank*, 52 Cal. App. 4th 1075 (1997) (dismissing appeal

27  because Chapter 11 debtor in possession's standing was lost to Chapter 7 trustee when
    bankruptcy case converted from Chapter 11 to Chapter 7).

28

NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS & AUTHORITIES

V.    <u>CONCLUSION</u>

For the reasons set forth above, HSBC's and Asset Acceptance's Motion to Dismiss should be granted.

Dated:  June 13, 2008

SONNENSCHEIN NATH & ROSENTHAL
CHRISTOPHER E. PRINCE
MANUEL ALVAREZ JR.


By:___/s/ Manuel Alvarez Jr._____
    Manuel Alvarez Jr.
    Attorneys for Defendant
    HSBC CONSUMER LENDING USA

Dated:  June 13, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
ROBIN M. BOWEN


By:___/s/ Jeffrey A. Topor_____
    Jeffrey A. Topor
    Attorneys for Defendant
    ASSET ACCEPTANCE, LLC

27300824\V-1

NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS & AUTHORITIES