TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com
rbowen@snllp.com

Attorneys for defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CONTRERAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC CONSUMER LENDING USA, dba BENEFICIAL;<br>ASSET ACCEPTANCE, LLC;<br>DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO.: C 08-02849 SBA<br><br>**ANSWER OF DEFENDANT ASSET ACCEPTANCE, LLC TO COMPLAINT** |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff ELIZABETH CONTRERAS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a resident of San Francisco County. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by the 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendant avers that the contents of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. Defendant avers that no response to Paragraph 5 is required of it.

6. In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff alleges that venue in this county is proper and that Defendant conducts interstate business with residents of this county. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a resident of San Francisco, California. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff is

"single," and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 9 of the Complaint and on that basis, denies them.

10. In answering Paragraph 10 of the Complaint, Defendant admits that it received mail at P.O. Box 2036, Warren, MI 48093-7132. Defendant also admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Cal. Civ. Code § 1788.2. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. Defendant avers that no response to Paragraph 11 is required of them.

12. Denied.

13. Defendant avers that no response to Paragraph 13 is required of them.

14. Admitted.

15. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 15 of the Complaint and on that basis, denies them.

16. Defendant admits that there remains an unpaid balance on the account described in Paragraph 14 of the Complaint. Except as herein admitted, Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 16 of the Complaint and on that basis, denies them.

17. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 17 of the Complaint and on that basis, denies them.

18. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 18 of the Complaint and on that basis, denies them.

19. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 19 of the Complaint and on that basis, denies them.

20. In answering Paragraph 20 of the Complaint, Defendant admits only that it purchased Plaintiff's account from HSBC. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendant admits only that it sent Plaintiff a letter dated December 5, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

24. Defendant incorporates by reference paragraphs 1 through 24 above as if fully stated herein.

25. Denied.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error

notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

//

//

//

//

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

//

//

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes to Defendant on her unpaid account, including any recoverable interest and attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff their costs according to proof.
3. That Defendant recover their attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

//

//

//

//

//

//

DATED: September 2, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
ROBIN M. BOWEN

By: /s Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for defendant
Asset Acceptance, LLC